UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GALE JOSEPH YOUNG,<br><br>    Plaintiff,<br><br>  v.<br><br>CA DEPARTMENT OF CORRECTIONS, A. SHITTU, TED KUBICKI, KELLY SANTORO, RAFFEL DIEZ, GAVIN NEWSOM,<br><br>    Defendants. | Case No. 1:21-cv-00132-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WTIHOUT PRJEUDICE[1]<br><br>TWENTY-ONE DAY OBJECTION PERIOD<br><br>ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE<br><br>(Doc. No. 8) |

   This matter comes before the Court upon periodic review of the file. The undersigned recommends the Court dismiss this case without prejudice due to Plaintiff's failure to comply with the Court's February 3, 2021 Order (Doc. No. 7), update his address, and prosecute this action.

## I.  FACTS AND BACKGROUND

   Plaintiff Gale Joseph Young ("Plaintiff" or "Young") is a state prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983 on January 27, 2021. (Doc. No. 1). On February 3, 2021, the Court directed Young either to apply to proceed *in forma pauperis* or to pay

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

the requisite filing fee within thirty days. (Doc. No. 7). The Order warned Young that the case would be dismissed if he failed to comply with the Order. (Id., ¶ 3). The Order was served on Young. (*See* docket). Young did not timely comply or otherwise respond to the Court's February 3, 2021 Order. (*See* docket). On March 18, 2021, after Young missed the deadline set forth in the February 3 Order, the Court issued an Order to Show Cause directing Young to show cause why the action should not be dismissed for failure to prosecute. (Doc. No. 8). The Show Cause Order was returned as undeliverable on April 16, 2021. (*See* docket). Young's change of address was due no later than June 24, 2021. Local Rule 183(b). Young has not filed an updated address, to the extent he has been transferred or released as required by Local Rule 182(f). (*See* docket).

## II.     APPLICABLE LAW

This Court's Local Rules require litigants to keep the court apprised of their current address and permits dismissal when the litigant fails to comply. Specifically:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address."). Precedent supports a dismissal of a case when a litigant fails to keep the court apprised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro se* plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-cv-391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and failure to provide court with current address).

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the Court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the Court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.    ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this case is warranted. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial

courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Finally a less drastic remedies in lieu of dismissal, such as, directing plaintiff to submit an updated address, or second order to show cause why the case should not be dismissed for failure to comply with Local Rules would be an act of futility because the order would be returned without delivery. Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Young failed to timely comply with the February 3, 2021 Order directing that he applies to proceed *in forma pauperis* or pay the filing fee. The Court's March 18, 2021 Order to Show Cause was returned as undeliverable. And contrary to Local Rule 183(b), more than 63 days have passed since mail was returned as undeliverable and Young has not updated his mailing address or otherwise contacted the Court. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rules 110 and 183(b).

Accordingly, it is **ORDERED**:

The Clerk shall assign a District Judge to this case.

It is further **RECOMMENDED**:

This case be dismissed without prejudice under Fed. R. Civ. P. 41(b), and Local Rules 110 and 183 (b).

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one

4

(21) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    June 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE